**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| WARREN DURHAM, JR., | ) | | |
| **Plaintiff** | ) | | |
| v. | ) | **C.A. No. 04-198 ERIE** | |
| | ) | **District Judge McLaughlin** | |
| CITY AND COUNTY OF ERIE, et al., | ) | **Magistrate Judge Baxter** | |
| **Defendants.** | ) | | |

**MAGISTRATE JUDGE"S REPORT AND RECOMMENDATION**

**I.       RECOMMENDATION**

            It is respectfully recommended that:

        1.        The motion to dismiss filed on behalf of Defendants Judge Anthony, Judge
                Connelly, and Erie County Court [Document #18] be granted; and

        2.        The motion to dismiss filed on behalf of Defendants Erie and Kallenbach
                [Document # 28] be granted.

**II.      REPORT**

            On July 16, 2004, Plaintiff Warren Durham initiated this action pursuant to 42 U.S.C. §

1983.  Named as Defendants are City and County of Erie ("Erie"); Erie County Court of

Common Pleas ("Erie County Court"); the Honorable Shad Connelly ("Judge Connelly"); the

Honorable Fred P. Anthony ("Judge Anthony"); and Kevin Kallenbach, Esq. ("Kallenbach").

Plaintiff alleges that Defendants violated his right to counsel guaranteed by the sixth and

fourteenth amendments to the United States Constitution. (See  Complaint at p. 1).  As relief for

his claims, Plaintiff seeks injunctive and declaratory relief against Defendants Erie County

Court, Judge Anthony and Judge Connelly, and monetary damages against Defendants Erie and

Kallenbach.

            **A.       Relevant Procedural and Factual History**

            Plaintiff was arrested on January 23, 1996, and charged with rape, involuntary deviate

sexual intercourse, and related crimes.  Kallenbach was appointed by the Erie County Court to

represent Plaintiff, but after an unsuccessful state habeas proceeding challenging the victim's credibility, Plaintiff informed Kallenbach that he no longer wished to be represented by him. As a result, on June 29, 1996, Kallenbach filed a motion for leave to withdraw as counsel for Plaintiff, which Plaintiff signed, indicating his consent. On July 1, 1996, Judge Connelly held a colloquy with Plaintiff, during which Plaintiff repeatedly indicated that he did not want to be represented by Kallenbach, that he wanted new trial counsel, and that he could not and did not want to represent himself. (See Complaint at ¶ 12). Nevertheless, after the colloquy, Judge Connelly entered an order on the record stating "Def to represent himself per-on-the-record colloquy of this date." (See Complaint at ¶ 13).

On July 9, 1996, the case against Plaintiff proceeded to trial before Judge Anthony, at which time Plaintiff again informed the court that he did not wish to represent himself. (See Complaint at ¶ 14). Judge Anthony replied that Plaintiff was not forced to represent himself, and that Judge Connelly's order meant only that he could not be represented by another public defender. Judge Anthony also offered to appoint standby counsel for the trial; however, Plaintiff declined the offer, stating that he needed legal representation, not just a legal advisor. Plaintiff also explained that he and his family were unable to afford private counsel and, as a result, a continuance of the trial would be pointless. (See Complaint, Exhibit A at pp. 6-7). The court thus proceeded to jury selection, in which Plaintiff refused to participate. Plaintiff also declined to make opening and closing arguments, did not present witnesses, and failed to cross-examine the Commonwealth's witnesses. (See Complaint at ¶ 15). Plaintiff was ultimately convicted of rape, involuntary deviate sexual intercourse and related crimes and was sentenced to serve 13½ to 30 years of imprisonment. (See Complaint at ¶ 16). The Pennsylvania Superior Court affirmed the conviction and the Pennsylvania Supreme Court denied allowance of appeal. (See Complaint at ¶ 17).

On December 15, 2000, Plaintiff filed a petition for writ of habeas corpus with this Court claiming that he was denied his right to counsel. The petition was denied based on this Court's finding that Plaintiff failed to show that the state courts' analyses of his claim was contrary to or an unreasonable application of federal law. Plaintiff subsequently filed a

2

certificate of appealability with the Third Circuit Court of Appeals with regard to the issue of whether he was denied his right to counsel. (See Complaint, Exhibit A at p. 9). On May 27, 2004, the Third Circuit Court granted Plaintiff's appeal, concluded that Plaintiff was forced to represent himself at trial in violation of his right to counsel, and overturned his conviction. As a result, Plaintiff was released from prison after having served approximately 8½ years of his sentence.

Plaintiff has filed this action, claiming Plaintiff that Defendants Erie and Erie County Court maintained an official policy and custom of "encouraging the denial of counsel without due process of law;" Defendants Judge Anthony and Judge Connelly were "deliberately indifferent" to his right to counsel during his criminal trial;" and Defendant Kallenbach "conspired with Defendant Connelly to deny Plaintiff his constitutional right to counsel..." (See Complaint at ¶¶ 5, 6, 7, 8, and 28). In addition, Plaintiff has asserted pendent state law claims against Defendant Kallenbach of negligence, willful misconduct, and intentional infliction of emotional distress. (See Complaint at ¶¶ 29-31).

On February 9, 2005, Defendants Judge Anthony, Judge Connelly, and Erie County Court filed a motion to dismiss Plaintiff's complaint claiming, inter alia, that: (i) Plaintiff's claims are barred by the Eleventh Amendment; (ii) Plaintiff lacks standing to assert claims of injunctive and declaratory relief; and (iii) Plaintiff's claims are barred by the Rooker-Feldman doctrine. [Document # 19]. Defendants Erie and Kallenbach filed their own motion to dismiss on April 8, 2005, arguing that: (i) Kallenbach is not a state actor and is not liable under 42 U.S.C. § 1983; and (ii) Erie does not have authority over the conduct of the courts and cannot be held liable for the actions of the judicial Defendants [Document # 28]. Plaintiff has filed responses to both motions. This matter is now ripe for consideration.

### B. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v.

City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974).  However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d

4

Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C.     Discussion

#### 1.     Defendants Erie County Court, Judge Anthony, and Judge Connelly

##### a.     Eleventh Amendment

Defendants Erie County Court, Judge Anthony and Judge Connelly argue that any claim for monetary damages against them is barred by the Eleventh Amendment's immunity provision.[1]  Although it appears from Plaintiff's Complaint that he seeks primarily injunctive and declaratory relief against these Defendants, Plaintiff also generally asks this Court to award compensatory and punitive damages.  Thus, to the extent Plaintiff seeks monetary damages against Defendants Erie County Court, Judge Anthony and Judge Connelly, his claims are barred by the Eleventh Amendment and should be dismissed.  See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985)(holding that claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment); Chittister v. Dep't of Community and Economic Development, 226 F.3d 223 (3d Cir. 2000)(Eleventh Amendment bars individuals from seeking monetary damages from state governments or state agencies).

##### b.     Injunctive and Declaratory Relief

Defendants Erie County Court, Judge Anthony and Judge Connelly argue that this Court lacks subject matter jurisdiction because Plaintiff does not have standing to seek injunctive and

---

[1] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Thus, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court.  See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d Cir. 2002).

declaratory relief.  To have standing to sue for injunctive or declaratory relief, the plaintiff must be the person who will be injured by the future action sought to be enjoined.  City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).  "The Plaintiff must show that he 'has sustained or is in immediate danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'"  Id. at 101-2 (citations omitted).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects."  O'Shea v. Littleton, 414 U.S. 488, 495-6 (1974).

   In O'Shea, the plaintiffs brought a civil rights action alleging, *inter alia*, that a magistrate and an associate judge of a county circuit court engaged in unconstitutional bond-setting, sentencing, and jury-fee practices that affected the plaintiffs.  The Supreme Court observed that the prospect of future injury rested on "the likelihood that [plaintiffs] will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing before [the judicial defendants]."  O'Shea, 414 U.S. at 496.  In such circumstances, the Supreme Court concluded that there was no case or controversy at issue, because the threat to the plaintiffs was not "sufficiently real and immediate to show an existing controversy simply because they anticipate violating lawful criminal statutes and being tried for their offenses...."  Id.  The same holds true here.

   Plaintiff cannot show that he is in immediate danger of being injured by the judicial Defendants in this case.  To find such danger, one would have to assume that Plaintiff is likely to appear again before these Defendants to face trial on criminal charges.  Such a finding is speculative and not "sufficiently real and immediate to show an existing controversy."  Plaintiff has failed to present a live case or controversy for which equitable relief would be warranted in this case and, thus, Plaintiff's claims against Defendants Erie County Court, Judge Anthony and Judge Connelly should be dismissed.[2]

---

   [2]

As a result, Defendants' contention that Plaintiff's claims are barred by the Rooker-Feldman doctrine need not be

### 2.      Defendants Erie and Kallenbach

#### a.      State Actor under 42 U.S.C. § 1983

Defendant Kallenbach argues that Plaintiff's constitutional claim against him must be dismissed because he is not a state actor and is, thus, not liable under 42 U.S.C. § 1983.  It is well-settled that a "public defender does not act under color of state law [within the meaning of Section 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Black v. Bayer, 672 F.2d 309 (3d Cir. 1982); Cooper v. Turner, 1987 WL 11481 at *1 (E.D.Pa. May 27, 1987). However, a private action may be converted into state action if a state actor conspires with a private individual to deprive a plaintiff of his constitutional rights.  West v. Atkins, 487 U.S. 42, 54 (1988).  The requisite state action may be found even if the state actor with whom the private individual allegedly conspired is himself immune from suit.  Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)(action against private parties accused of conspiring with judge found to be state action under Section 1983).  However, allegations must be particularly specific where conspiracy is alleged so that purely private action may not be converted into state action merely by inclusion of a state official as a defendant in the action.  Darr v. Wolfe, 767 F.2d 79, 81 (3d Cir. 1985).  In particular, Plaintiff must make specific factual allegations of combination, agreement or understanding among the alleged co-conspirators to plot, plan or conspire an alleged chain of events.  Ammlung v. City of Chester, 494 F.2d 811, 814 (3d Cir. 1974).

Here, Plaintiff claims that Defendant Kallenbach conspired with Judge Connelly to deny his constitutional right to counsel "when he failed to appraise the court of his lack of communication, irreconcilable conflict with Plaintiff, and the information shared between he and assistant prosecutor ... concerning the extortion of Plaintiff's family by the prosecutrix in the criminal case." (See Complaint at ¶ 28).  Plaintiff does not allege any facts to support his bare allegation of conspiracy, nor does he allege the existence of an agreement or identify any acts taken in furtherance of any alleged conspiracy.  In fact, Plaintiff's allegations fail to indicate

---

addressed.

any complicity by Judge Anthony in the acts allegedly taken by Kallenbach.  The mere mention of a conspiracy, without more, does not convert Kallenbach's alleged conduct into state action for purposes of establishing a claim under Section 1983.  Because Kallenbach is not a state actor in his own right, Plaintiff has failed to state a constitutional claim against Kallenbach pursuant to 42 U.S.C. § 1983, and the same should be dismissed.

### b.    Municipal Liability

Plaintiff claims that Defendant Erie "maintained an official policy and custom of ... encouraging the denial of counsel without due process of law." (See Complaint at ¶ 5). Municipal liability under §1983 requires the plaintiff to prove the existence of a policy or custom that resulted in a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978).  Here, Plaintiff merely asserts that Erie "has officially adopted and promulgated a persistent, widespread practice ... to violate the right to counsel **of Plaintiff**." (See Complaint at ¶ 22)(emphasis added).  However, a policy, custom or practice cannot arise from one incident, i.e., the alleged denial of Plaintiff's right to counsel.  See, e.g., Turner v. City of Philadelphia, 22 F.Supp.2d 434, 437 (E.D.Pa. 1998), quoting Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)("Absent unusual circumstances, 'proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'").  Moreover, Plaintiff has failed to identify a specific policy attributable to Erie that caused him to be denied counsel.  Plaintiff simply makes the bare legal conclusion that Erie has adopted a policy and practice that adversely affected his right to counsel.  This is insufficient to state a municipal liability claim against Defendant Erie and the same should be dismissed.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1.    The motion to dismiss filed on behalf of Defendants Judge Anthony, Judge

8

Connelly, and Erie County Court [Document #18] be granted; and

2.      The motion to dismiss filed on behalf of Defendants Erie and Kallenbach
        [Document # 28] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule
72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date
of service to file written objections to this Report and Recommendation.  Any party opposing
the objections shall have seven (7) days from the date of service of objections to respond
thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


                                        S/Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        Chief U.S. Magistrate Judge


Dated: July 22, 2005

cc:     The Honorable Sean J. McLaughlin
        United States District Judge

        all parties of record (lw)

9