# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM JR., | ) | CIVIL ACTION |
| Plaintiff | ) | NO. 04-198 ERIE |
| v. | ) | |
| | ) | Judge Sean J. McLaughlin |
| CITY AND COUNTY OF ERIE, | ) | Magistrate Judge Baxter |
| ET AL.     Defendants. | ) | |

## OBJECTION TO MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

On July 28, 2005, the Plaintiff Warren Durham Jr., received from Magistrate Judge Baxter the Report and Recommendation in regard to a civil action pursuant to 42 U.S.C. Section 1983. The Magistrate is recommending that Defendants motion to dismiss be granted. The Plaintiff objects to the Report and Recommendation ("R&R") and for the reasons set forth below.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

On January 23, 1996, Plaintiff was arrested and charged with rape and related charges. The Pennsylvania Superior Court affirmed the conviction and the Pennsylvania Supreme Court denied allowance of appeal.

On December 15, 2000, Plaintiff filed a federal writ of habeas corpus asserting the denial of his constitutional right to counsel. However, the petition was erroneously denied. Nevertheless, the Court of Appeals for the Third Circuit reversed on May 27, 2004.

On September 22, 2004, following a new trial, the jury found the Plaintiff not guilty on all charges. As a result, Plaintiff was ultimately released from prison after having served approximately 8 ½ years of imprisonment.

## II. OBJECTIONS

### A. Eleventh Amendment:

It is well established that claims against judges for monetary damages are barred by the doctrine of absolute judicial immunity. Stump v. Sparkman, 98 S.Ct. 1099 (1978).

A viewing of Plaintiff's action in this regard would demonstrate that no where in his Complaint does he seek monetary damages against Defendants Erie County Court, Anthony nor Connelly. Rather, a demand for injunctive and declaratory relief.

Moreover, the Court in Pulliam v. Allen, 104 S.Ct. 1970 (1984), held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity" or to costs and attorney's fees associated with the action. See,e.g., Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir.1981)(when a state officer violates federal constitutional mandates, even when carrying out state policy, he is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." Thus, for purposes of the Eleventh Amendment the suit is against the officer as an individual, although his action is still "state action" for purposes of section 1983 and the Fourteenth Amendment.

To the extent the Plaintiff seeks injunctive and declaratory relief the district court has the power to grant it.

### B. Injunctive and Declaratory Relief:

It is axiomatic that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold imposed by Article III of the Constitution by alleging an actual case or controversy. City of Los Angeles v. Lyons, 103 S.Ct. 1660 (1983). The existence of a case or controversy is evaluated on a claim-by-claim basis. A justifiable controversy exists even where the threat of infringement action is indirect and unspecific. F.B. Leopold Company, Inc., v. Roberts Filter Manufacturing Company, Inc., 1995 U.S. Dist. Lexis 19737. A plaintiff must allege some threatened or actual injury before a federal court may

2.

assume jurisdiction.

Although Congress may enact statutes creating legal rights, the invasion of which creates standing even though no injury would exist without the statute, such statutes do not purport to bestow the right to sue in absence of any indication that invasion of the statutory right has occurred or is likely to occur; the constitutional requirement of an actual case or controversy remains.

Before a federal court can constitutionally assume jurisdiction a litigant must show that he has a personal stake in the outcome so as to assure that concrete adverseness which sharpens the presentation of issues; such principle applies whether statutory issues or common law issues are sought to be litigated. O'Shea v. Littleton, 94 S.Ct. 669 (1974). Past exposure to illegal conduct does not in itself show a present case or controversy requiring injunctive relief if unaccompanied by any continuing, present adverse effects.

In sum, when a plaintiff's standing is brought into issue the relevant inquiry is whether, assuming justifiability of the claim, the plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision. Simon v. Eastern Kentucky Welfare Rights Organization, 96 S.Ct. 1917 (1976).

The Lyons Court made clear in establishing a standard which must be demonstrated. Plaintiff's must demonstrate a *"personal stake in the outcome"* in order to *"assure that concrete adverseness which sharpens the presentation of issues"* necessary for the proper resolution of constitutional questions. Secondly, the plaintiff must show that he *"has sustained or is immediately in danger of sustaining some direct injury"* as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not *"conjectural"* or *"hypothetical."* Is satisfied here. See,e.g., Bell v. Hood, 66 S.Ct. 773 (1946)(in federal question cases pursuant to 28 U.S.C. Section 1331, *"where the complaint ... is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two exceptions must entertain the suit."* Where the federal question *"clearly appears to be immaterial and made solely for the purpose of*

*obtaining jurisdiction or where such a claim is wholly unsubstantial and frivolous.")*

The plain facts as established in this case, however, the Third Circuit put best: ***Durham was forced to represent himself at trial in violation of his right to counsel.*** Durham v. Vaughn, No. 03-1809 (2004). Thus, an actual injury from the puntatively illegal action of constitutional deprivation from Defendants. Non-frivolous; Non-conjectural; and Non-hypothetical. Lyons, supra.

It has become common in Erie Pennsylvania Courts, *inter alia,* a consistent policy to deny constitutional rights. See: Commonwealth v. Durham, No. 453 of 1996)(denied right to counsel; reversed); Commonwealth v. Roman, 500 A.2d 1182 (Pa.Super.1985)(denied right to counsel; reversed); Commonwealth v. Carothers, 675 A.2d 735 (Pa.Super.1996)(denied right to counsel; reversed); Commonwealth v. Payson, 723 A.2d 695 (Pa.Super.1999)(denied right to counsel; reversed).

There can be no dispute that the Plaintiff has sustained direct injury. And suffers currently as a result of the 8 ½ years of unconstitutional imprisonment. As the Lyons Court explained ... all that is necessary is to have sustained a direct injury and a personal stake in the outcome.

## III. DEFENDANTS ERIE AND KALLENBACH

### A. State Actor Under 42 U.S.C. Section 1983:

In Tower v. Glover, 104 S.Ct. 2820 (1984), the Court held state public defenders are not immune from liability under section 1983 for intentional misconduct by virtue of alleged conspiratorial actions with state officials which deprive their clients of his constitutional right by securing his conviction.

In Glover, the respondent filed a section 1983 action against the public defender that represented him at trial. That action was identical to those made in various state court petitions ... essentially respondent was seeking to have his conviction set aside on the ground that counsel had conspired with numerous state officials, including the trial and

appellate court judges ... to secure respondent's conviction.

The Court reasoned that the section 1983 adequately alleged conduct "under color of" state law in view of the conspiracy allegations.

The existence of a conspiracy "can be inferred from evidence of related facts and circumstances from which it appears as a reasonable and logical inference, that the activities of the participants ... could not have been carried on except as the result of a preconceived scheme or common understanding." U.S. v. Smith, 294 F.3d 473 (3d Cir.2002).

The facts are essentially set forth in the Third Circuit opinion at Durham v. Vaughn,supra., attached as Exhibit A to the Complaint.  As noted in the Report and Recommendation at p.7:  *Here, Plaintiff claims that Defendant Kallenbach conspired with Judge Connelly to deny his constitutional right to counsel "when he failed to appraise the court of his lack of communication, irreconcilable conflict with Plaintiff, and the information shared between he and assistant prosecutor ... concerning the extortion of Plaintiff's family by the prosecutor in the criminal case."*

First, it is factual that Defendant Kallenbach failed to appraise the colloquy court of the *lack of communication and irreconcilable conflict* he was having with the Plaintiff during the colloquy proceeding to determine whether cause existed for appointment of replacement counsel.

Defendant Connelly, a learned jurist for many years, would know the Supreme Court's direction that courts *indulge every reasonable presumption against waiver of fundamental constitutional rights."* Johnson v. Zerbst, 304 U.S. 458 (1983).  Moreover, the Third Circuit made a finding of fact stating:  Nor, for that matter, did the court question Kallenbach concerning the alleged lack of communication or conspiracy before deciding that Durham's allegations were meritless. Durham, at p.14.

Secondly, on April 30, 1996, during a state habeas corpus hearing concerning a recantation by the prosecutrix before Defendant Connelly, the record reflect he was aware

that Plaintiff's family was being extorted by the prosecutrix in exchange for telling the truth that the Plaintiff did not rape her. (Colloquy, 7/1/96, p.4)  Testimony by the prosecutrix during the state habeas hearing conclusively demonstrated that Defendant Connelly was aware that the prosecutrix had went to Assistant Prosecutor Christopher McElynn's Office on several occasions and told him that she simply lied to extort monies from Plaintiff's family. (Habeas, 4/30/96, p.28)  That both the prosecutor and Defendant Kallenbach shared knowledge of the continuous extortion. (Tr.,7/10/96, p.5)  Nevertheless, Defendant Connelly denied the writ.

Here, the facts reasonably and logically infer that a concerted successful effort was conceived and a common understanding was agreed upon to deny the Plaintiff his constitutional right to counsel.

It must be further noted that the Plaintiff's complaint never alleged any complicity by Defendant Anthony in the conspiracy acts between Defendants Kallenbach and Connelly. (R&R at p.7-8)

## B. Municipal Liability:

A careful reading of "Plaintiff's Response to Motion to Dismiss" (5/6/05,p.10-12), would indeed demonstrate that Plaintiff not only identified a custom attributable to Defendant Erie concerning the denial of a constitutional right to counsel, he also demonstrated the prevalent practice of constitutional deprivation by various Judges of the Erie County Court.

In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Court established that municipalities are "persons" subject to suit for section 1983 purposes, however, the resulting liability is not without limits.  Unless the plaintiff can demonstrate the existence of an affirmative policy of the type at issue in Monell, the plaintiff must assert that the municipal defendants followed an unconstitutional custom.

The Third Circuit has articulated the difference between section 1983 liability

based on policy and section 1983 liability based on custom as follows: *policy is made when a decision maker possessing final authority to establish municipal policy with respect to the action, issues an official proclamation, policy, or edict. A course of conduct is considered to be a custom when, though not authorized by law, such practices are so permanent and well settled as to virtually constitute law.* <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469 (3d Cir.1990). While a plaintiff does not have the burden of identifying a single individual who established a given policy, he must identify a particular practice that is *"so permanent and well-settled as to have the force of law."* <u>Turner v. City of Philadelphia</u>, 22 F.Supp.2d 434 (E.D.Pa.1998).

It is undisputed that Defendant Judges denied the Plaintiff, in the instant case, his constitutional right to counsel. That the Third Circuit reversed Plaintiff's state criminal conviction as a result of this deprivation stating: *Durham was forced to represent himself at trial in violation of his right to counsel."* <u>Durham v. Vaughn</u>, No. 03-1809(2004)(emphasis added).

Moreover, the Defendant Court and Judges has consistently violated the accused constitutional right to counsel and in a similar *"text book"* manner as here. See: <u>Commonwealth v. Roman</u>, 500 A.2d 1182 (Pa.Super.1985)(indigent defendant who rejected the public defender because of a disagreement, but nevertheless made it eminently clear that he did not intend to waive the right to be represented by counsel and that he did not wish to represent himself, was denied his constitutionally guaranteed right to counsel); <u>Commonwealth v. Carothers</u>, 675 A.2d 734 (Pa.Super.1993)(deprivation of the right to counsel can never be harmless); <u>Commonwealth v. Payson</u>, 723 A.2d 695 (Pa.Super.1999)(waiver of a constitutional right, such as right to counsel, is only valid if made with knowledge and intelligence). Just recently on September 21, 2004, President Judge William Cunningham of the Erie County Court demonstrated total distain for Plaintiff's constitutional right when denying him the right to represent himself during his retrial.

The factual similarity in the above cases (however inconclusive) demonstrate that in the Erie County Court the deprivation of constitutional rights are so prevalent, *so permanent and well-settled as to have the force of law.*" See,e.g., <u>Bielevicz v. Dubinon</u>, 915 F.2d 845 (3d Cir.1990).

To determine whether a municipality is liable under section 1983, courts must identify those officials or governmental bodies who speak with final policymaking authority. In <u>Penbaur v. City of Cincinnati</u>, 106 S.Ct. 1292 (1968), the Court specified that a municipality may be liable under section 1983 for the actions of its authorized policymakers *"where ... and only where"* a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. A single decision by a decision maker with final authority in the relevant area may constitute a policy attributable to the municipality. For example, during Plaintiff's criminal trial, Judge Anthony made clear that Judge Connelly was the final policymaker when making the decision that Plaintiff proceed to trial *pro se*, and that his order was final:

> Court: Well, I can't change Judge Connelly's order and what his
>
> order was, that he relieved the public defender. I assume
>
> that he said it was without cause, ....

Id. at Complaint's Exhibit A at p.5)

In <u>McMillian v. Monroe County, Ala.</u>, 117 S.Ct. 1734 (1997), the Court directed that courts look to the definition of the official's function under relevant state law to determine the function of a governmental official in a particular area for purposes of liability under section 1983. It is understood that an official may have final policymaking authority in one area but not in another.

Here, there is no difficulty in deciding that Defendant Connelly was acting as a policymaker when he deprived Plaintiff of the right to counsel. That the pervasive deprivation of counsel is so permanent and well-settled in Erie County that the decision

makers like Erie County Judges have acquiesced to the unconstitutional custom causing municipal liability.

## CONCLUSION

For all the reasons stated above, the Plaintiff's action should move forward.

Respectfully submitted,

WARREN DURHAM JR.

DATED: 8/5/05

9.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WARREN DURHAM JR.,              )      CIVIL ACTION
             Plaintiff      )      NO. 04-198 ERIE
   v.                           )

CITY AND COUNTY OF ERIE,               Judge Sean J. McLaughlin
ET AL.            Defendants.          Magistrate Judge Baxter

## CERTIFICATE OF SERVICE

I, Warren Durham Jr., hereby certify that the "Objection to Magistrate Judge's Report and Recommendation" is true and correct to the best of his ability and further state that all relevant parties have been served by FIRST CLASS MAIL, postage prepaid, to:

A. Taylor Williams,Esq.
1515 Market Street,Suite 1414
Philadelphia, Pa. 19102

Mark E. Mioduszewski,Esq.
Trcey D. Bowes,Esq.
120 West Tenth Street
Erie, Pa. 16501

WARREN DURHAM JR.
12119 MATHERSON AVE.
CLEVELAND, OH. 44135

DATED: 8/5/05