**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO: 05-4018
_____

WARREN DURHAM, JR.,
Appellant

vs.

CITY AND COUNTY OF ERIE; ERIE COUNTY COURT; JUDGE SHAD
CONNELLY, in his capacity as Judge; JUDGE FRED P. ANTHONY, in his capacity as
Judge; KEVIN KALLENBACH, individually, in his capacity as Public Defender
_____

Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00198E)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
MARCH 13, 2006
Before:   FISHER, ALDISERT AND WEIS, Circuit Judges.

Filed March 22, 2006
_____

OPINION
_____

PER CURIAM.

On May 27, 2004, we reversed the District Court's denial of Appellant Warren Durham's petition for habeas corpus.  See Durham v. Vaughn, No. 03-1809 (3d Cir. May 27, 2004).  As a result, Durham was retried, acquitted on all charges, and

released after serving approximately eight-and-a-half years in a Pennsylvania prison. He brought this action pursuant to 42 U.S.C. § 1983 against his former defense attorney, Kallenbach; Judges Anthony and Connelly; the Erie County Court of Common Pleas; and the City of Erie. For the reasons that follow we will affirm the District Court's order.

I.

The facts of this case are well detailed in prior opinions, thus we only briefly recite them here. In 1996, Kallenbach was appointed to represent Durham on charges of rape and other related crimes. Durham became suspicious that Kallenbach was working "too closely" with the Prosecutor and moved for the appointment of new counsel. A colloquy was held before Judge Connelly. Connelly denied Durham's request, and gave him the choice of either proceeding pro se or going ahead with Kallenbach. Durham chose neither. Judge Connelly found that Durham's refusal to be represented by Kallenbach amounted to an express desire to proceed pro se, and entered an order accordingly. At trial before Judge Anthony, Durham again complained that he did not want to proceed pro se. Judge Connelly's order precluded the appointment of a new public defender, so the trial simply went forward and Durham refused to put on a defense.

We eventually directed the District Court to grant Durham's habeas petition, finding that Judge Connelly forced Durham to represent himself in violation of his right to counsel. Id. at *17. Durham was released from prison and brought the instant suit under § 1983. Specifically, he seeks monetary, declaratory, and injunctive relief

against the City of Erie and the Erie County Court for establishing a custom or policy of denying the right to counsel without due process; against Judges Anthony and Connelly for establishing the same custom or policy and being "deliberately indifferent" to his right to counsel; and against Kallenbach for conspiring with Judge Connelly to deprive him of his right to counsel. The Defendants moved to dismiss the complaint and District Court granted the motions. Durham appealed.[1]

## II.

### A. Erie County Court, Judge Anthony, and Judge Connelly

On appeal Durham abandons any argument that he seeks monetary damages against the judicial Defendants. Rather, he argues that his complaint seeks solely declaratory and injunctive relief and that "the District Court had the power to grant it." We disagree. Durham can establish standing if "he has sustained or is immediately in danger of sustaining some direct injury' as a result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate' . . . ." City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (citations omitted).

Standing upon a past injury exists only if it is still accompanied by present adverse effects; i.e., the injury sustained from the challenged conduct is still ongoing. See O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974) (finding no standing where county judge previously made discriminatory rulings against members of a class, but none was

---

[1] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review. See Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 559 (3d Cir. 2002).

threatened with a future discriminatory ruling). Durham does not argue that he faces a repeat of the injury. Even if he did present the argument, the possibility that Durham will come before the same court on a matter requiring the appointment of counsel is too speculative and conjectural for the purposes of Article III standing.

### B. City of Erie

A municipality may be liable under § 1983 if the Plaintiff proves that a policy or custom employed by the city resulted in a constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978). Durham's complaint includes nothing more than a conclusory allegation that Erie has established an official policy or custom to deprive defendants of their right to counsel. He provides only one incident as an example, his own. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 822-24 (1985) (holding one incident not usually sufficient). Moreover, the complaint fails to allege the existence of any actually enacted policy or explain how city custom could influence a judicial determination. Durham fails to assert any facts that place the Defendant on notice of the basic elements of his cause of action. See Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The claim was properly dismissed.

C. Kallenbach

Generally, a public defender is not a state actor for the purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). However, defense counsel may be sued under § 1983 if he conspires with a state actor, irrespective of whether the co-conspiratorial state actor is himself immune from suit. See Tower v. Glover, 467 U.S. 914, 916 (1984); Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).

Durham's complaint sets forth the following claim:

Kevin Kallenbach, conspired with Defendants [sic] Connelly to deny Plaintiff his constitutional right to counsel when he failed to appraise the court of his lack of communication, irreconcilable conflict with Plaintiff, and the information shared between he and assistant prosecutor Christopher McElynn concerning the extortion of Plaintiffs's family by the prosecutrix in the criminal case.

Compl. at 6-7. The District Court held that under a fact-specific pleading requirement, Durham failed to show that Kallenbach conspired with any of the other court actors. Although the District Court incorrectly applied a fact-specific pleading standard, see Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004) (abrogating our cases applying a fact-specific pleading requirement to civil rights cases), Durham still fails to sufficiently allege a claim under Rule 8(a)'s more lenient notice-pleading standard. See id., 363 F.3d at 233 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002).

Under the notice-pleading standard, a complaint must include more than "conclusory allegations of concerted action . . . ." Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998). It must also contain at least some facts which could, if proven, permit a

reasonable inference of a conspiracy to be drawn.  See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Langford, 235 F.3d at 847.

The primary problem with Durham's conspiracy allegations is that he initially wrote to Kallenbach stating that he no longer wished to be represented by him. Kallenbach then submitted a motion to withdraw, which Durham signed.  He does not allege, nor do the facts support, an inference that Kallenbach planned to withdraw on his own volition or with the aid of either Judge Connelly or McElynn.  Additionally, Durham fails to allege any particular conversation or conduct that would establish a conspiracy between Kallenbach and Judge Connelly.  To the contrary, Durham argues that Kallenbach failed to communicate with Judge Connelly.  While this may be troubling, it is not sufficient to infer a conspiracy.

We also note that, while not addressed by the District Court, Durham attempts to allege that Kallenbach conspired with McElynn.  McElynn is certainly a state actor.  See, e.g., Reitz v. County of Bucks, 125 F.3d 139, 147-48 (3d Cir. 1997) (involving allegations of a private third-party acting in concert with county prosecutor). Although Durham's complaint alleges that Kallenbach and McElynn were aware of, discussed, and withheld specific exculpating information, he does not assert, nor does any portion of the record reflect, that this was intentionally orchestrated conduct.

For the foregoing reasons, Durham fails to state a claim upon which relief can be granted.  Accordingly, we will affirm the District Court's judgment.

6